IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM BEAVERS,              )
ID # 1201-11,                 )
        Plaintiff,        )
vs.                           )      No. 3:13-CV-1395-B-BH
                 )
JOHNNY BROWN, Sheriff, et al., )
        Defendants.       )      Referred to U.S. Magistrate Judge

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for screening. Based on the relevant filings and applicable law, Plaintiff's claims against Sheriff Johnny Brown, Judge Bob Carol, and Lieutenant Brandon Loper should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his claims against Correctional Health Care and Officer Squire in his individual capacity should proceed.

## I. BACKGROUND

Plaintiff, an inmate in the Ellis County Jail, filed this action pursuant to 42 U.S.C. § 1983 against Ellis County Sheriff Johnny Brown (Sheriff), Correctional Health Care (CHC), Lieutenant Brandon Loper, Judge Bob Carol, and Officer Squire. (Am. Compl. at 1, 3-4; Answers to Magistrate Judge's First Questionnaire ("1st MJQ"),[1] Answers 1-3, 5.)  He claims that the Sheriff and CHC have provided inadequate medical care for his schizophrenia and epilepsy, (1st MJQ, Ans. 2; 2nd MJQ Ans. 2, 5), and that the Sheriff's staff and Officer Squire used excessive force against him, (1st MJQ, Ans. 1, 3; 2nd MJQ, Ans. 1).  The Sheriff, Lieutenant Loper, and Judge Carol allegedly denied him access to the courts by refusing to provide copies of records without a court order and access

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

to the law library. (1st MJQ, Ans. 5; 2nd MJQ, Ans. 3.) He seeks injunctive and monetary

damages. (1st MJQ, Ans. 6.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner

seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject

to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80

(5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also sub-

ject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if

it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a

defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. Section 1983 "provides a federal

cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immun-

ities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S.

107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional

norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A.      Judge Carol

Plaintiff sues State Judge Bob Carol, asserting that he has denied him access to courts by not providing him information and records. (1st MJQ, Ans. 5.)

### 1.      Official Capacity Claim

To the extent that Plaintiff sues Judge Carol in his official capacity, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against a Texas state judge in his official capacities is a suit against the State of Texas. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the

Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Judge Carol has Eleventh Amendment immunity for claims asserted against him in his official capacities. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Therefore, Plaintiff's official capacity § 1983 claim against him should be dismissed.

####     2.     Individual Capacity Claims

Plaintiff sues Judge Carol under § 1983 in his individual capacity for alleged violations of his constitutional rights and seeks monetary damages. (MJQ, Ans. 6.)[2]

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. Because Plaintiff has not alleged that Judge Carol acted without jurisdiction, and his complaint is based solely on acts taken in his role as a judge, he is absolutely immune from the claims for monetary damages asserted against him. *See Nixon*, 457 U.S. at 745–46. The § 1983 claims against Judge Carol in his individual capacity should be dismissed.

### B.     County Employees

####     1.     Official Capacity Claims

Plaintiff also sues the Sheriff, Lieutenant Loper and Officer Squire. To the extent that Plaintiff sues them in their official capacities, his claims are essentially against Ellis County. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C.A. §

---

[2] Plaintiff does seek some injunctive relief, but only in relation to his excessive force claim. (1st MJQ, Ans. 6).

4

1983; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997); Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658, 691–95 (1978).[3]  Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury.  Monell, 436 U.S. at 691–95; McClure v. Biesenbach, 355 Fed. App'x 800, 803-04 (5th Cir. 2009).  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  Monell, 436 U.S. at 691–95.

Plaintiff alleges that the Sheriff, through his staff) and Officer Squire used excessive force against him, and that the Sheriff and Lieutenant Loper have prevented his access to the courts.  He does not allege that a specific policy was officially adopted and promulgated by the County's lawmaking officers or by an official who had been delegated law-making authority to use excessive force or to prevent access to the courts.  He also fails to allege a constitutional violation for which the moving force was the policy.  Finally, he has failed to allege any persistent and widespread practice that caused his injury.  See Monell, 436 U.S. at 691–95.  He has therefore failed to state a claim for municipal liability, and any § 1983 claims against the county employees in their official capacities should be dismissed.

## 2.   <u>Individual Capacity Claims</u>

### a.   *Lieutenant Loper*

Plaintiff asserts generally that Lieutenant Loper denied him access to the courts by denying him information and records. (1st MJQ, Ans. 5.)  Attached to his amended complaint are responses

---

[3]  Municipal liability analysis also applies to Texas counties.  See Prince v. Curry, No. 10-10294, 2011 WL 1659493, at * 3 n. 3 (5th Cir. Apr. 28, 2011); Brady v. Fort Bend County, 145 F.3d 691 (5th  Cir. 1998).

to two grievances and a note regarding his inmate trust account, stating that jail officials will not provide him documents without a request from a court, that his attorney would have to complete paperwork on his behalf, and that he would be provided access to the law library only if directed to do so by the judge. (Am. Compl. at 6-8.) Lieutenant Loper signed the two responses to Plaintiff's grievances. (*Id*.) Plaintiff also submitted a letter in which he states that he requested documents or reports from Lieutenant Loper regarding instances when he was strapped down in restraint chairs and the names of the officers who were involved, but was told that a subpoena would be required. (*See* doc. 13.) Plaintiff acknowledges that he has a court-appointed attorney for his criminal case. (2nd MJQ, Ans. 3.)

Prisoners have a constitutionally recognized right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This includes either "adequate law libraries or adequate assistance from persons trained in the law" *Id*. at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C.

§ 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id*. at 416 (internal quotation marks omitted).

Plaintiff has failed to allege that the alleged denial by Lieutenant Loper of his constitutional right to access to courts has hindered his ability to file a nonfrivolous claim. Plaintiff acknowledges that he has been provided court-appointed counsel to assist him with his criminal case. Loper's responses to Plaintiff's grievances, in which he stated that Plaintiff would not be given access to law library unless directed by a judge and that a court must directly request documents from the prison, have not prevented Plaintiff from filing his civil rights complaint asserting his claims. He has therefore failed to state a plausible claim that Loper has impaired his access to courts, and this claim against Loper in his individual capacity should be dismissed.

### b.     Officer Squire

Plaintiff asserts that Officer Squire used excessive force against him on April 17, 2013. He ordered Plaintiff to place his hands on Squire's desk, and Plaintiff complied but then began to walk away. Squire allegedly tazed him on his face, neck, chest, arms and legs; hit him in the face and the base of the head with the stun gun; and then began punching Plaintiff with his fists. (1st MJQ, Ans. 1, 3 2nd MJQ, Ans. 1.)

Plaintiff's excessive force claim arises under either the Eighth or Fourteenth Amendments, depending on whether he was a pretrial detainee or a convicted prisoner at the time of the alleged excessive force. *See Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993).[4]   The standard is the same under both amendments. *See id.*   In an excessive force case, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *accord Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (emphasizing that the inquiry is "not whether a certain quantum of injury was sustained").   This inquiry has two components – an objective one that focuses on whether the alleged wrongdoing was harmful enough to violate the Constitution and a subjective one that focuses on the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7-8.   When considering the objective component, courts must look to the nature of the force used, i.e., "whether it was nontrivial", not the extent of the injury sustained. *Wilkins*, 559 U.S. at 39 & n.2; *accord Hudson*, 503 U.S. at 8-10.   Excessive force "necessarily excludes . . . *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks omitted).

Plaintiff's factual allegations state a plausible claim that Officer Squire on April 17, 2013, did not apply the force used against him in a good-faith effort to maintain or restore discipline.   His claim that Squire tazed him numerous times and beat him with both the stun gun and his fists after he walked away are not frivolous or based on an indisputably meritless legal theory and state a

---

[4]  It is unclear whether Plaintiff was a pretrial detainee and had been convicted of a crime at the time the incidents he alleged occurred.

plausible § 1983 claim.  This claim against Officer Squire in his individual capacity survives initial screening and should proceed.

        *c.*       ***The Sheriff***

Plaintiff sues the Sheriff as the supervisor of the Ellis County Jail.  He asserts that the Sheriff's employees used excessive force against him, interfered with his ability to file an internal report about the excessive force, and interfered with his ability to have access to the library and file suit.  He also claims that the Sheriff has provided inadequate medical care because he contracts with CHC to provide medical services to the Ellis County jail, and because unnamed employees have denied him his medications numerous times.  (*See* Am. Compl. at 3; 1st MJQ, Ans. 1, 2; 2nd MJQ, Ans. 1-3).

To prevail against a supervisor under 42 U.S.C. § 1983, a plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right.  *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).  The acts of a subordinate "trigger no individual § 1983 liability."  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  There must be some showing of personal involvement by a particular individual defendant to prevail against such individual.  *Id.*

Plaintiff has not alleged that the Sheriff was personally involved in any use of excessive force; inadequate medical care; denial of medication; or refusal to provide records, accept an internal report or provide access to the law library.  Neither the amended complaint nor the answers to the two MJQ allege that the Sheriff directly or indirectly caused any alleged constitutional violation or was deliberately indifferent to a violation of Plaintiff's constitutional rights.  While Plaintiff initially asserted that the Sheriff used excessive force against him (1st MJQ, Ans. 1, 3), he clarified that the

excessive force was used by staff members.  (1st MJQ, Ans. 1; 2nd MJQ, Ans. 2).  As noted earlier, Plaintiff has not alleged facts to support a claim that prison officials have impeded his access to courts.  He also does not assert that the Sheriff made any decision with regard to his medical care.  Finally, Plaintiff also does not identify any policy of the Sheriff that impinged his constitutional or federally protected rights.  Because his claims against the Sheriff are based solely on his supervisory role, he fails to state a plausible claim against him.

Furthermore, to the extent that Plaintiff complains that the Sheriff did not adequately respond to any of his internal complaints or reports regarding his medical care or the alleged use of force, a failure to  respond to a letter or grievance does not rise to the required level of personal involvement for liability.  *See Amir-Sharif v. Valdez*, 2007 WL 1791266, slip op. at  *2 (N.D. Tex. June 6, 2007) (holding that no liability under § 1983 had been alleged because a failure to take corrective action in response to a grievance does not rise to the level of personal involvement); *Praylor v. Partridge*, 2005 WL 1528690, slip op. at *2 (N.D. Tex. June 28, 2005) (same).  Likewise, the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction.  *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 Fed. Appx.593, 595 (5th Cir. Oct. 24, 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).  Plaintiff's claims against the Sheriff in his individual capacity should therefore be dismissed.[5]

---

[5]   Plaintiff sues the Sheriff in part because unnamed officers at the Ellis County Jail allegedly tazed him repeatedly, tied him down, and left him in his own feces for hours sometime in 2011, resulting in a rash that remained for weeks.  (Am. Compl. at 4; 1st MJQ, Ans. 1.)  From his filings, it does not appear that Plaintiff intended to sue these unnamed defendants individually.  Nevertheless, while a civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned, *see Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971), discovery in an attempt to learn the identities of unnamed defendants is warranted only where it

C.      **CHC**

Plaintiff claims that CHC provided inadequate health care for his schizophrenia and epilepsy. (Am. Compl. at 4; 2nd MJQ, Ans. 4-5).  Prior to entering the Ellis County jail, he was diagnosed as having schizophrenia and epilepsy and had been taking prescribed specific medications for these conditions for fifteen years.  CHC, as the contracted medical provider for the Ellis County jail, changed his medications.  After these changes, Plaintiff contends, he experienced seizures that resulted in him being placed in restraints and other side effects that have not been properly treated. Even after CHC was informed of the negative effects of the new medication, no changes were made. (2nd MJQ, Ans. 2, 5).

The Constitution requires humane conditions of confinement, including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[6]  Prison officials violate this requirement only when (1) the deprivation is "objectively, 'sufficiently serious'" in that the alleged act or omission results "in the denial of 'the minimal civilized measure of life's necessities'" and (2) the official had "a 'sufficiently culpable state of mind.'"  *Id.* at 834 (citations omitted).  The objective component

---

is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant *See Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); *Green v. Doe*, 260 Fed. Appx. 717, *3 (5th Cir. 2007), *citing Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion).  Even if Plaintiff did intend to sue these unnamed officers, he provided no identifying information about these alleged incidents or officers that would warrant discovery, despite an opportunity to do so in the questionnaire.  In addition, these incidents occurred in 2011, and he filed his complaint on April 3, 2013.  Because there is a two-year statute of limitations for claims of excessive force under § 1983, *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001), any attempt to name unknown officers may well occur after the limitations period has expired, rendering such claims barred by the statute of limitations in the absence of equitable tolling.

[6]  A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment.  *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).  However, since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments.  *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828.  This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions.  *Id.* at 835.  An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  This "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).  Similar conduct includes intentionally "delaying access to medical care" and "interfering with treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  In contrast, a failure to provide additional treatment may show medical malpractice but not deliberate indifference; decisions to provide additional treatment are matters of medical judgment.  *Id.* at 107.  Neither an incorrect diagnosis nor a plaintiff's disagreement with medical treatment suffice to state a claim. *Domino*, 239 F.3d at 756*; Gobert*, 463 F.3d at 346; *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001)*; Estelle*, 429 U.S. at 107-08.

Plaintiff has alleged sufficient facts to state a plausible claim against CHC for denial of

proper medical care.  He has alleged specific facts to support his allegation that CHC was deliberately indifferent to his serious medical needs by ignoring his complaints regarding his medications and how the change in Plaintiff's medication created an excessive risk to his health or safety.  Plaintiff has alleged that Ellis County contracts with CHC to provide medical care for its inmates, which is sufficient to support an allegation that CHC is a state actor.  *See West v. Atkins*, 487 U.S. 42, 50-51 (1988) (holding that a physician under contract with the state to furnish medical services to state prison inmates was acting under color of state law when he treated inmates within the confines of the prison).  Plaintiff's allegations against CHC are therefore not frivolous or based on an indisputably meritless legal theory and state a plausible § 1983 claim. This claim should therefore proceed.[7]

## IV.  RECOMMENDATION

The Court should summarily **DISMISS** Plaintiff's claims against Sheriff Johnny Brown, Judge Bob Carol, and Lieutenant Brandon Loper with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Plaintiff's claims against Correctional Health Care and Officer Squire in his individual capacity should proceed.

**SIGNED this 28th day of October, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7]  Plaintiff also alleges that another inmate received inadequate medical care for his diabetes and died. (1st MJQ, Ans. 2).  This appears to be an anecdotal example of CHC's alleged deliberate indifference to inmate health care.  To the extent that Plaintiff seeks relief for anyone other than himself, the request fails to state a claim upon which relief may be granted. *See Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir.1977) (holding that a plaintiff may only bring a § 1983 action for deprivations he himself has suffered); *Holmes v. Owens* 2010 WL 5110099 (N.D. Tex. Dec. 14, 2010) (accepting findings and recommendation that cites Owens for same proposition); *Green v. State*, 2001 WL 548899, at *1 (N.D.Tex. May 21, 2001) (same).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14